UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHINO BROWN,<br><br>    Defendant,<br><br>vs.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Plaintiff. | Case No.: CR-4:12-0562 KAW<br><br>REPORT AND RECOMMENDATION |

Defendant Stephino Brown seeks to remove his criminal case from Alameda County Superior Court. Dkt #1. For the reasons explained below, the case should be summarily remanded to the Alameda County Superior Court.

Defendant has submitted a motion to proceed *in forma pauperis*. The Court is satisfied that Defendant is unable to afford the costs of suit. *See* 28 U.S.C. § 1915. Defendant's motion to proceed *in forma pauperis* is granted.

### I.   Legal Standard

Title 28 U.S.C. § 1455(a) provides that a criminal defendant may remove a criminal prosecution from a state court by filing "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant...in such action." The notice of removal "shall include all grounds for such removal." § 1455(b)(2). The district court "shall examine the notice promptly" and order summary remand "if it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted." *Id.*

at (b)(4). The notice of removal must "be filed not later than 30 days after the arraignment in State Court." 28 U.S.C. § 1455(b).

## II.     Discussion

Defendant has been charged with a misdemeanor in the Alameda County Superior Court for willfully and unlawfully resisting, delaying or obstructing a peace officer attempting to and discharging the duty of his/her office and employment. Dkt #1 at 70.

Defendant's Notice of Removal states that his state court arraignment occurred on June 7, 2012. Dkt #1 at 3. His Notice of Removal was not filed until July 13, 2012 and is therefore untimely. *See* 28 U.S.C. § 1455(b) ("A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in State Court"). The case should be remanded on that basis alone.

Even if the Notice of Removal had been timely filed, the case should be remanded because the Notice of Removal fails to set forth a proper basis for removal. Defendant's Notice of Removal argues that his Fourth Amendment rights were violated; that he will not receive a fair trial, because the parties involved and the witnesses are court employees; that he was denied due process; and that the Judge is biased against him. Dkt #1 at 3. Defendant has attached several documents to the Notice of Removal, including his affidavit, motions he filed in the state court, and minutes from his state court appearances.

A criminal defendant may remove his state court case to federal court only in limited circumstances. Only 28 U.S.C. §§ 1442 ("Federal officers or agencies prosecuted"), 1442a ("Members of armed forces sued or prosecuted"), and 1443 ("Civil rights cases") provide for removal of state criminal cases to federal court. *See North Carolina v. Peggs*, 2012 WL 1392353 at *2 (M.D.N.C. April 23, 2012). The first two statutes are inapplicable, as Defendant does not claim that he is a federal officer or a member of the armed services who is being prosecuted for an act done under color of the office. *See* 28 U.S.C. §§ 1442(a), 1442a. Nor does Defendant claim that he is being prosecuted "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." *See* 28 U.S.C. § 1443(2); *see also City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 815 (1966) ("the history of § 1443(2) demonstrates convincingly that this subsection of the removal statute is available

only to federal officers and to persons assisting such officers in the performance of their official duties").

Title 28 U.S.C. § 1443(1) provides that criminal defendants may remove their cases to district court if they are being prosecuted "for any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."  In order to proceed pursuant to this statute, Defendant must assert, as a defense to his prosecution in state court, that the state will not enforce rights given to him by "explicit statutory enactment protecting equal racial civil rights."  *People of State of Cal. v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970), citing *State of Ga. v. Rachel*, 384 U.S. 780 (1966) and *Greenwood v. Peacock*, 384 U.S. 808 (1966).  In addition, Defendant must support this allegation "by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights."  *Id.*

Here, Defendant does not allege that he is being prosecuted pursuant to a state law that purports to command state courts to ignore federal rights of racial equality.  Instead, he alleges that officers violated his Fourth Amendment rights and that he will not receive a fair trial in state court.  Even if these allegations were true, and Defendant was to be convicted in violation of the federal constitution, his proper remedy would be to appeal to a higher state court.  *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (defendant seeking removal of his criminal case must show that he "cannot enforce...federal rights in the courts of the State").

///
///
///

### III.    Conclusion

As no statute authorizes the removal of Defendant's pending criminal state case to this court, this court lacks jurisdiction, and the case should be remanded to state court.

Accordingly, it is hereby ORDERED that Plaintiff's motion to proceed *in forma paueris* is granted.  The clerk of the court shall randomly assign a district judge to this case.

It is hereby RECOMMENDED that this case be summarily remanded to the Alameda County Superior Court.  Within fourteen days after being served with a copy of this report and recommendation, Defendant may file written objections to this report and recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failing to do so may constitute a waiver of those objections.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

**DATE: July 19, 2012**

_____

**KANDIS A. WESTMORE**
**UNITED STATES MAGISTRATE JUDGE**